Our File:  101-7210                                                          Atty. No.  6229767

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, | ) ) ) ) | FILED<br>APRIL 10, 2008          YM<br>08CV2034<br>JUDGE SHADUR<br>MAGISTRATE JUDGE NOLAN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. |
| Q.S. of ILLINOIS, LLC, QUALITY SERVICES, LLC, HUB GROUP, INC., and SAMPSON ADU BOADI, | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Now into Court, through undersigned counsel, come defendants Q.S. OF ILLINOIS, LLC, QUALITY SERVICES, LLC, and HUB GROUP, INC., and respectfully request that the above-captioned lawsuit be removed to federal court, and in support of its request, state as follows:

1.      Prior to 1996, defendant Q.S. of ILLINOIS, LLC was a corporation organized and incorporated under the laws of the State of Michigan with its principal place of business in the State of Illinois.  In 1995, Q.S. of ILLINOIS, LLC merged into QUALITY SERVICES, LLC.

2.      Defendant QUALITY SERVICES, LLC is a corporation organized and incorporated under the laws of the State of Missouri with its principal place of business in the State of Illinois.

3.      Defendant HUB GROUP, INC. is a corporation organized and incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois.

4.      Defendant SAMPSON ADU BOADI is a resident and citizen of the State of Ohio.

5.      The plaintiff FIRST NATIONAL BANK OF VALPARAISO is a bank whose main offices are located in the State of Indiana.

6.      The plaintiff JAMES R. WRIGHT is a resident and citizen of the State of Indiana.

7.      The decedent EARL EATON was a resident and citizen of the State of Indiana at the time of his death.

8.      There is diversity of citizenship between the plaintiffs and defendants.

9.      The amount in controversy as contained in the plaintiff's prayer for relief is in excess of $100,000. (A copy of the Complaint is attached hereto as Exhibit A).

10.     This court has original jurisdiction over the above-captioned lawsuit pursuant to 28 U.S.C. 1332, and therefore this action may be removed to this Court pursuant to 28 U.S.C. 1441 and 28 U.S.C. 1446.

11.     On or about November 28, 2006, the plaintiffs filed the above-captioned lawsuit in the Circuit Court of Porter County, Valparaiso, Indiana as case number 64D01-0611-CT-10761. The plaintiffs' complaint was removed to the United States District Court in Indiana on December 15, 2006. On January 15, 2007, the plaintiffs voluntarily dismissed their lawsuit.

12.     On February 29, 2008, the plaintiffs filed the above-captioned lawsuit in the Circuit Court of Cook County, Law Division as case number 08 L 066011. On March 12, 2008, defendants QS of ILLINOIS, LLC, QUALITY SERVICES, LLC, and HUB GROUP, INC. were served with Summons and Complaint in the above-captioned matter. No other proceedings have been held in this state court. Pursuant to 28 U.S.C. 1446, a copy of all process, pleadings, and orders served upon defendants in the state court action are attached hereto as Exhibit B.

13.     This Notice of Removal is filed within 30 days of service on defendants; thus, it is timely filed.

WHEREFORE, defendants QS of ILLINOIS, LLC, QUALITY SERVICES, LLC, and HUB GROUP, INC. pray that this Honorable Court remove the above-captioned lawsuit from the Cook County Circuit Court, County Department, Law Division, to this Court, and an Order Granting Removal be issued.

  /s/ Jon P Malartsik
Jon P. Malartsik
Attorney for Defendants

PAULSEN, MALEC & MALARTSIK, LTD.
1761 South Naperville Road
Suite 202
Wheaton, Illinois 60187
630/871-1414

101-7210

STATE OF INDIANA |
| SS:
COUNTY OF PORTER |

IN THE ___SUPERIOR___ COURT OF PORTER COUNTY
CIVIL DIVISION, ROOM _____

MAR 2 4 2008

FIRST NATIONAL BANK OF VALPARAISO,
and JAMES R. WRIGHT, as Co-Special Administrators
of the Estate of EARL H. EATON, deceased,

Plaintiffs,

-v-

HUB GROUP, INC., Q.S. of ILLINOIS, LLC,
QUALITY SERVICES, LLC, and
SAMPSON ADU BOADI,

Defendants.

Cause No.: _64 D01-0611-CT-10761_

PORTER SUPERIOR COURT #___
16 LINCOLNWAY
VALPARAISO, IN 46383
219465-3450

CHB62966

**SUMMONS**

08CV2034
JUDGE SHADUR   YM
MAGISTRATE JUDGE NOLAN

THE STATE OF INDIANA TO THE DEFENDANT:   HUB GROUP, INC.
C/O CORPORATION SERVICE COMPANY, ITS REGISTERED AGENT
251 EAST OHIO, SUITE 500
INDIANAPOLIS, INDIANA 46204

You have been sued by the person(s) identified as "Plaintiffs" in the Court stated above.

The nature of the suit against you is stated in the COMPLAINT which is attached to this SUMMONS. It also states the demand which the Plaintiffs have made against you.

You must either personally or by your attorney file your written answer to the COMPLAINT with the Clerk within twenty (20) days commencing the day after this SUMMONS and the COMPLAINT were personally served upon you or your agent or left for you by the Sheriff or other process server.

In the event the SUMMONS and COMPLAINT were left for you and you then receive by first class mail (not certified) a copy of the SUMMONS alone, this mailing is merely a confirmation that the SUMMONS and COMPLAINT were previously left for you. You should not consider the date on which you receive the mailed SUMMONS as the commencement date for the time period allowed for your answer. Rather, the time period allowed for your written answer commences on the date when the SUMMONS and COMPLAINT were first personally served upon you or your agent or left for you by the Sheriff of other process server.

However, if you or your agent first received the SUMMONS and the COMPLAINT by certified mail, you have twenty-three (23) days from the date of receipt to file your written answer with the Clerk.

If you fail to answer the COMPLAINT of the Plaintiffs within the times prescribed herein, judgment will be entered against you for what the Plaintiffs have demanded.

If you have a claim against the Plaintiffs arising from the same transaction or occurrence, you may be required to assert such claim in writing together with your written answer.

The following manner of service is hereby designated:   _CERTIFIED MAIL/RETURN RECEIPT REQUESTED_

Attorney for Plaintiffs:
Bryan L. Bradley, Esq.
Ind. Atty. No.  17877-46
1109 Glendale Boulevard
Valparaiso, Indiana  46383
Tel. No.: (219) 465-6292

Date:   NOV 30 2006

DALE BREWER
CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

By: _____
Deputy Clerk

PREPARATION DATA:
All Summons are to be prepared in triplicate with the original of each to be placed in the Court file with two copies available for service. If service is by certified mail a properly addressed envelope shall be provided for each Defendant. Certified mail labels and return receipts must also be furnished for each mailing and the cause number must appear on each return receipt, which shall be returnable to the Clerk at the address of the Court. (Form: CS 1/97)

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 200___, I mailed a copy of this SUMMONS and a copy of the COMPLAINT to the Defendant,_____ by _____ mail, requesting a return receipt, at the address furnished by the Plaintiff.

DALE BREWER
CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

Dated: _____, 200___ By: _____
Deputy Clerk

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the SUMMONS and a copy of the COMPLAINT mailed to Defendant _____ was accepted by the Defendant on the _____ day of _____, 200___.

DALE BREWER
CLERK OF THE PORTER CIRCUIT AND SUPERIOR COURTS

Dated: _____, 200___ By: _____
Deputy Clerk

## RETURN OF SERVICE OF SUMMONS BY SHERIFF

I hereby certify that I have served the within SUMMONS:

1.     By delivering on _____, 200___, a copy of this SUMMONS, a copy of the COMPLAINT and all other materials filed the same date to each of the within named person(s).

2.     By leaving on _____, 200___, for each of the within named person(s) _____ a copy of the SUMMONS, a copy of the COMPLAINT and all other materials filed the same date at the respective dwelling house or usual place of abode of _____ in _____, Indiana, with a person of suitable age and discretion residing within, whose usual duties or activities include prompt communication of such information to the person served, or by otherwise leaving such process threat, and by mailing a copy of the SUMMONS without the COMPLAINT to the said named person(s) at the address listed herein.

3.     This SUMMONS came to hand this date, _____, 200___. The within named _____ was not found in my bailiwick this date, _____, 200___.

ALL DONE IN PORTER COUNTY, INDIANA.

DAVID LAIN
SHERIFF OF PORTER COUNTY, INDIANA

By: _____

## SERVICE ACKNOWLEDGED

A copy of the within SUMMONS, a copy of the COMPLAINT and all materials filed the same date attached thereto were received by me at _____ in _____, Indiana, on this date, _____, 200___.

_____
Signature of Defendant

101-7210

MAR 2 4 2008

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **IN THE PORTER SUPERIOR COURT** |
| | ) SS: | |
| **COUNTY OF PORTER** | ) | **SITTING AT VALPARAISO, INDIANA** |

FIRST NATIONAL BANK of VALPARAISO )
and JAMES R. WRIGHT, as Co-Special )
Administrators of the Estate of )
EARL H. EATON, deceased, )
)
        Plaintiffs, )
)
    v. )  Cause No. 64D01-0611-CT-10761
)
HUB GROUP, INC., )
Q.S. of ILLINOIS, LLC, )
QUALITY SERVICES, LLC, )
and SAMPSON ADU BOADI, )
)
        Defendants. )

## COMPLAINT

### Count I

### Quality Services – Wrongful Death

Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased (hereinafter "Estate"), complaining of Defendants, Quality Services, LLC and Q.S. of ILLINOIS, LLC, (hereafter collectively "Q & S Trucking"), state for their first cause of action:

1.    At all times relevant herein, Q & S Trucking was and is an interstate motor carrier operating through and within the State of Indiana.

2.    On Sunday, October 8, 2006, Plaintiffs' decedent, Earl H. Eaton (hereafter "Earl") was traveling westbound on County Road 400 North near its intersection with State Route 49, in Valparaiso, Indiana.

3.    On Sunday, October 8, 2006, Q & S Trucking was operating a semi tractor pulling an intermodal trailer (hereinafter "the tractor-trailer"), pursuant to its motor carrier operating authority, on State Route 49, near its intersection with County Road 400 North.

4.    At all times relevant herein, there was in full force and effect in the State of Indiana a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the Federal Motor Carrier Safety Regulations (hereinafter "FMCSRs"). *I.C. 8-2.1-24-18.*

5.    On and before Sunday, October 8, 2006, Q & S Trucking was subject to the FMCSRs and owed Plaintiffs' decedent and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

6.    On Sunday, October 8, 2006, Q & S Trucking breached the foregoing duties and was negligent and/or reckless in one or more of the following respects, *inter alia:*

    a.    Q & S Trucking failed to systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

    b.    Q & S Trucking failed to cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

    c.    Q & S Trucking failed to obtain Sampson Adu Boadi's (hereinafter "Adu Boadi") complete application for employment in violation of Part

2

391 of the FMCSRs;

d.    Q & S Trucking failed to require Adu Boadi to comply with duties and
      prohibitions of driver regulations in violation of Part 390 of the
      FMCSRs;

e.    Q & S Trucking encouraged Adu Boadi to violate the FMCSRs in
      violation of Part 390 of the FMCSRs;

f.    Q & S Trucking failed to maintain records and documents as required
      under Part 390 of the FMCSRs;

g.    Q & S Trucking improperly maintained records and documents in
      violation of Part 390 of the FMCSRs;

h.    Q & S Trucking failed to maintain a complete driver's qualification file
      for Adu Boadi in violation of Part 391 of the FMCSRs;

i.    Q & S Trucking improperly maintained a driver's qualification file for
      Adu Boadi in violation of Part 391 of the FMCSRs;

j.    Q & S Trucking permitted Adu Boadi to operate the tractor-trailer,
      while said driver's ability or alertness was so impaired as to make it
      unsafe for him to continue to operate it in violation of Part 392 of the
      FMCSRs;

k.    Q & S Trucking required Adu Boadi to operate a tractor-trailer which
      it knew was in such a condition as to likely cause an accident or a
      breakdown of the vehicle in violation of Part 396 of the FMCSRs;

l.    Q & S Trucking failed to adequately train Adu Boadi when reasonable
      training would have equipped Adu Boadi with the knowledge and skill
      to operate and maintain the tractor-trailer in a reasonably prudent
      manner in violation of Part 391 of the FMCSRs;

m.    Q & S Trucking failed to conduct or require pre-trip inspections of its
      vehicle as required by Part 396 of the FMCSRs;

n.    Q&S Trucking failed to require Adu Boadi to complete driver's daily
      logs;

o.    Q & S Trucking permitted and/or required Adu Boadi to operate its

3

tractor-trailer when he was in an out-of-service condition;

p.    Q & S Trucking retained Adu Boadi who it knew or should have known was a careless and incompetent truck driver;

q.    Q & S Trucking failed to reprimand and provide remedial training to Adu Boadi;

r.    Q & S Trucking operated without adequate safety management controls; and/or

s.    Q & S Trucking failed to use the same care and caution that a reasonably prudent person would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

7.    As a direct and proximate result of one or more of the foregoing negligent and/or reckless acts and/or omissions of the Defendant, Plaintiffs' decedent, Earl, was struck by the Defendant's tractor-trailer, resulting in catastrophic injuries which caused his death on October 8, 2006.

8.    On Sunday, October 8, 2006, Plaintiffs' decedent, Earl, left surviving him: Carla Frances Joseph; Kathy Lee Eaton-Herrera; William Earl Eaton; and Deborah Eaton-Madrid.

9.    As a direct and proximate result of Earl's death, Earl's dependents have been permanently deprived of his love, care, comfort, companionship, guidance, services and support which he had ably provided prior to October 8, 2006.

10.    As a further direct and proximate result of Earl's death, his estate has incurred medical, hospital and/or funeral and burial expenses and attorney's

4

fees.

11.   Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, were duly appointed Co-Special Administrators of the Estate of EARL H. EATON, deceased, by the Porter Superior Court, sitting at Valparaiso, Indiana, and are authorized to bring this survival action.

**WHEREFORE,** Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, demand judgment for damages against the Defendants, Quality Services, LLC and Q.S. of ILLINOIS, LLC, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count II

### SAMPSON ADU BOADI - Negligence - Wrongful Death

Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased (hereinafter "Estate"), complaining of Defendant, SAMPSON ADU BOADI, (hereafter "Adu Boadi"), state for their second cause of action:

1.   On Sunday, October 8, 2006, Earl H. Eaton (hereafter "Earl") was traveling westbound on County Road 400 North near its intersection with State Route 49, in Valparaiso, Indiana.

2.   On Sunday, October 8, 2006, Adu Boadi was operating a semi tractor

pulling an intermodal trailer (hereinafter "the tractor-trailer"), northbound on State Route 49, near its intersection with County Road 400 North, in Valparaiso, Indiana.

3. On and before Sunday, October 8, 2006, Adu Boadi was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's") and owed Plaintiffs' decedent and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

4. On Sunday, October 8, 2006, Adu Boadi breached the foregoing duty and was negligent and/or reckless in one or more of the following respects, *inter alia*:

    a.    Adu Boadi operated the tractor-trailer at an unreasonable speed given the extant conditions;

    b.    Adu Boadi operated the tractor-trailer in an unreasonable manner;

    c.    Adu Boadi failed to exercise due care to avoid a collision;

    d.    Adu Boadi failed to maintain his tractor-trailer under reasonable control;

    e.    Adu Boadi failed to maintain a proper lookout;

    f.    Adu Boadi failed to use his brakes in a safe and proper manner;

    g.    Adu Boadi operated his tractor-trailer in a sleep deprived or fatigued state;

    h.    Adu Boadi disregarded traffic control signals, in violation of Indiana statute;

    i.    Adu Boadi failed to slow down as he approached an intersection in violation of Indiana statute;

j.    Adu Boadi willfully and wantonly refused to stop his vehicle when required by the traffic control signals;

k.    Adu Boadi refused to yield the right of way; and/or

l.    Adu Boadi was otherwise careless, negligent and/or reckless in the operation of the tractor-trailer.

5.    As a direct and proximate result of one or more of the foregoing negligent and/or reckless acts and omissions of the Defendant, Plaintiffs' decedent, Earl, was struck by defendant's tractor-trailer, resulting in catastrophic injuries which caused his death on October 8, 2006.

6.    On Sunday, October 8, 2006, Plaintiffs' decedent, Earl, left surviving him: Carla Frances Joseph; Kathy Lee Eaton-Herrera; William Earl Eaton; and Deborah Eaton-Madrid.

7.    As a direct and proximate result of Earl's death, Earl's dependents have been permanently deprived of his love, care, comfort, companionship, guidance, services and support which he had ably provided prior to October 8, 2006.

8.    As a further direct and proximate result of Earl's death, his estate has incurred medical, hospital and/or funeral and burial expenses and attorney's fees.

9.    Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, were duly appointed Co-Special Administrators of the Estate of EARL H. EATON, deceased, by the Porter Superior Court, sitting at Valparaiso, Indiana, and

7

are authorized to bring this survival action.

**WHEREFORE,** Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, demand judgment for damages against the Defendant, SAMPSON ADU BOADI, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count III

### Quality Services – Respondeat Superior

Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased (hereinafter "Estate"), complaining of Defendants, Quality Services, LLC and Q.S. of ILLINOIS, LLC, (hereafter collectively "Q & S Trucking"), state for their third cause of action:

1. On Sunday, October 8, 2006, Earl H. Eaton was traveling westbound on County Road 400 North near its intersection with State Route 49, in Valparaiso, Indiana.

2. On Sunday, October 8, 2006, Adu Boadi was operating a semi tractor pulling an intermodal trailer (hereinafter "the tractor-trailer"), northbound on State Route 49, near its intersection with County Road 400 North, in Valparaiso, Indiana.

8

3. On and before Sunday, October 8, 2006, Adu Boadi was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's") and owed Plaintiffs' decedent and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

4. On Sunday, October 8, 2006, Adu Boadi breached the foregoing duty and was negligent and/or reckless in one or more of the following respects, *inter alia*:

a.   Adu Boadi operated the tractor-trailer at an unreasonable speed given the extant conditions;

b.   Adu Boadi operated the tractor-trailer in an unreasonable manner;

c.   Adu Boadi failed to exercise due care to avoid a collision;

d.   Adu Boadi failed to maintain his tractor-trailer under reasonable control;

e.   Adu Boadi failed to maintain a proper lookout;

f.   Adu Boadi failed to use his brakes in a safe and proper manner;

g.   Adu Boadi operated his tractor-trailer in a sleep deprived or fatigued state;

h.   Adu Boadi disregarded traffic control signals, in violation of Indiana statute;

i.   Adu Boadi failed to slow down as he approached an intersection in violation of Indiana statute;

j.   Adu Boadi willfully and wantonly refused to stop his vehicle when required by the traffic control signals;

k.   Adu Boadi refused to yield the right of way; and/or

l.    Adu Boadi was otherwise careless, negligent and/or reckless in the operation of the tractor-trailer.

5.    As a direct and proximate result of one or more of the foregoing negligent and/or reckless acts and omissions of the Defendant, Q & S Trucking, Earl was struck by defendant's tractor-trailer, resulting in catastrophic injuries which caused his death on October 8, 2006.

6.    At all time relevant, Defendant Adu Boadi was Q & S Trucking's employee acting within the scope of his employment duties as a professional truck driver and pursuant to Q & S Trucking's motor carrier operating authority. Accordingly, Q & S Trucking is liable as a matter of law.

7.    On Sunday, October 8, 2006, Plaintiffs' decedent, Earl, left surviving him: Carla Frances Joseph; Kathy Lee Eaton-Herrera; William Earl Eaton; and Deborah Eaton-Madrid.

8.    As a direct and proximate result of Earl's death, Earl's dependents have been permanently deprived of his love, care, comfort, companionship, guidance, services and support which he had ably provided prior to October 8, 2006.

9.    As a further direct and proximate result of Earl's death, his estate has incurred medical, hospital and/or funeral and burial expenses and attorney's fees.

10.    Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, were duly appointed Co-Special Administrators of the Estate of EARL H.

EATON, deceased, by the Porter Superior Court, sitting at Valparaiso, Indiana, and are authorized to bring this survival action.

**WHEREFORE,** Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, demand judgment for damages against the Defendants, QUALITY SERVICES, LLC and Q.S. of ILLINOIS, LLC, and each of them, for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

## Count IV

### Hub Group – Wrongful Death

Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, (hereinafter "Estate"), complaining of Defendant, HUB GROUP, INC., (hereafter "Hub"), state for their fourth cause of action:

1.    At all times relevant herein, Hub operated within the State of Indiana as an interstate motor carrier, by and through its agents and/or employees.

2.    On Sunday, October 8, 2006, Plaintiffs' decedent, Earl H. Eaton (hereafter "Earl") was traveling westbound on County Road 400 North near its intersection with State Route 49, in Valparaiso, Indiana.

3.    On Sunday, October 8, 2006, Hub, by and through its agents and/or

11

employees was operating a semi tractor pulling an intermodal trailer (hereinafter "the tractor-trailer"), pursuant to its motor carrier operating authority and its agreements with BNSF and Quality Services, on State Route 49, near its intersection with County Road 400 North.

4. At all times relevant herein, there was in full force and effect in the State of Indiana a statute incorporating by reference, *inter alia*, Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs. *I.C. 8-2.1-24-18.*

5. On and before Sunday, October 8, 2006, Hub was subject to the FMCSRs and owed Plaintiffs' decedent and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer, and in the hiring, training, retention, and/or supervision of the drivers chosen to operate it.

6. On Sunday, October 8, 2006, Hub breached the foregoing duties and was negligent and/or reckless in one or more of the following respects, *inter alia:*

    a.    Hub failed to systematically inspect, repair and maintain said tractor-trailer subject to its control in violation of Part 396 of the FMCSRs;

    b.    Hub failed to cause the tractor-trailer subject to its control to be systematically inspected, repaired and maintained in violation of Part 396 of the FMCSRs;

    c.    Hub failed to comply with statutory requirements, *inter alia*, 625 ILCS 5/18b-112;

    d.    Hub permitted Adu Boadi to operate the tractor-trailer, while said driver's ability or alertness was so impaired as to make it unsafe for him to continue to operate it in violation of Part 392 of the FMCSRs;

e.     Hub failed to require Sampson Adu Boadi (hereinafter "Adu Boadi") to complete driver's daily logs;

f.     Hub permitted and/or required Adu Boadi to operate its tractor-trailer when he was in an out-of-service condition;

g.     Hub planned and directed delivery and dispatch schedules that were unreasonable, in that, given the extant circumstances, such schedules could not reasonably be performed within the time permitted under the FMCSRs;

h.     Hub operated without adequate safety management controls; and/or

i.     Hub failed to use the same care and caution that a reasonably prudent person and/or entity would have exercised under the same or substantially similar circumstances all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs.

7.     As a direct and proximate result of one or more of the foregoing negligent and/or reckless acts and/or omissions of the Defendant, Hub, Plaintiff's decedent, Earl, was struck by the defendant's tractor-trailer, resulting in catastrophic injuries which caused his death on October 8, 2006.

8.     On Sunday, October 8, 2006, Plaintiffs' decedent, Earl, left surviving him: Carla Frances Joseph; Kathy Lee Eaton-Herrera; William Earl Eaton; and Deborah Eaton-Madrid.

9.     As a direct and proximate result of Earl's death, Earl's dependents have been permanently deprived of his love, care, comfort, companionship, guidance, services and support which he had ably provided prior to October 8, 2006.

10.    As a further direct and proximate result of Earl's death, his estate

13

has incurred medical, hospital and/or funeral and burial expenses and attorney's fees.

11.    Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, were duly appointed Co-Special Administrators of the Estate of EARL H. EATON, deceased, by the Porter Superior Court, sitting at Valparaiso, Indiana, and are authorized to bring this survival action.

**WHEREFORE,** Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, demand judgment for damages against the Defendant, HUB GROUP, INC., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

### Count V

### Hub Group – Respondeat Superior

Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased (hereinafter "Estate"), complaining of Defendant, HUB GROUP, INC., (hereafter "Hub"), state for their fifth cause of action:

1. On Sunday, October 8, 2006, Earl H. Eaton was traveling westbound on County Road 400 North near its intersection with State Route 49, in Valparaiso, Indiana.

14

2.   On Sunday, October 8, 2006, Sampson Adu Boadi (hereinafter "Adu Boadi") was operating a semi tractor pulling an intermodal trailer (hereinafter "the tractor-trailer"), northbound on State Route 49, near its intersection with County Road 400 North, in Valparaiso, Indiana.

3.   The load was dispatched, coordinated, managed, and directed by Hub and was transported by Hub's agents and/or employees, in equipment that was in the possession, control, and operation of Hub.

4.   On and before Sunday, October 8, 2006, Adu Boadi was subject to the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR's") and owed Plaintiffs' decedent and others on the roadway a duty to use reasonable care in the inspection, maintenance, repair, and operation of the tractor-trailer he was operating.

5.   On Sunday, October 8, 2006, Adu Boadi breached the foregoing duty and was negligent and/or reckless in one or more of the following respects, *inter alia*:

a.   Adu Boadi operated the tractor-trailer at an unreasonable speed given the extant conditions;

b.   Adu Boadi operated the tractor-trailer in an unreasonable manner;

c.   Adu Boadi failed to exercise due care to avoid a collision;

d.   Adu Boadi failed to maintain his tractor-trailer under reasonable control;

e.   Adu Boadi failed to maintain a proper lookout;

f.   Adu Boadi failed to use his brakes in a safe and proper manner;

g.  Adu Boadi operated his tractor-trailer in a sleep deprived or fatigued state;

h.  Adu Boadi disregarded traffic control signals, in violation of Indiana statute;

i.  Adu Boadi failed to slow down as he approached an intersection in violation of Indiana statute;

j.  Adu Boadi willfully and wantonly refused to stop his vehicle when required by the traffic control signals;

k.  Adu Boadi refused to yield the right of way; and/or

l.  Adu Boadi was otherwise careless, negligent and/or reckless in the operation of the tractor-trailer.

6.    As a direct and proximate result of one or more of the foregoing negligent and/or reckless acts and/or omissions of the Defendant, Hub, Earl was struck by defendant's tractor-trailer, resulting in catastrophic injuries which caused his death on October 8, 2006.

7.    At all time relevant, Defendant Adu Boadi was Hub's agent and/or employee acting within the scope of his employment duties as a professional truck driver and pursuant to Hub's direction and control. Accordingly, Hub is liable as a matter of law.

8.    On Sunday, October 8, 2006, Plaintiffs' decedent, Earl, left surviving him: Carla Frances Joseph; Kathy Lee Eaton-Herrera; William Earl Eaton; and Deborah Eaton-Madrid.

9.    As a direct and proximate result of Earl's death, Earl's dependents have been permanently deprived of his love, care, comfort, companionship,

guidance, services and support which he had ably provided prior to October 8, 2006.

10.    As a further direct and proximate result of Earl's death, his Estate has incurred medical, hospital and/or funeral and burial expenses and attorney's fees.

11.    Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, were duly appointed Co-Special Administrators of the Estate of EARL H. EATON, deceased, by the Porter Superior Court, sitting at Valparaiso, Indiana, and are authorized to bring this survival action.

**WHEREFORE,** Plaintiffs, FIRST NATIONAL BANK of VALPARAISO and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, demand judgment for damages against the Defendant, HUB GROUP, INC., for compensatory damages in an amount to be determined herein, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

**KENNETH J. ALLEN & ASSOCIATES, P.C.**
Attorneys for Plaintiff

By:    Bryan L. Bradley

Kenneth J. Allen (3857-45)
Bryan L. Bradley (17877-46)

17

## JURY DEMAND

Plaintiff demands trial by jury on all counts of its Complaint.

Respectfully submitted,

**KENNETH J. ALLEN & ASSOCIATES, P.C.**
Attorneys for Plaintiffs

Kenneth J. Allen (3857-45)
Bryan L. Bradley (17877-46)



*Refer to Office Indicated*

■ **ALLEN LAW BUILDING**
1109 Glendale Boulevard
Valparaiso, IN 46383

219.465.6292

□ **CHASE BANK CENTER**
8585 Broadway, 8ᵗʰ Floor
Merrillville, IN 46410

219.736.8292

□ **CHARTER ONE BANK**
17450 South Halsted St.
Homewood, IL 60430

708.799.6292

□ **SMURFIT-STONE BUILDING**
150 North Michigan Ave.
Chicago, IL 60606

312.236.6292

**INJURY ATTORNEYS**

18

7002 0510 0002 3449 5123

PB87 12787
**06.080** MAILED FROM ZIP CODE
150
8580
8672
46383

RETURN RECEIPT
REQUESTED

ALLEN
& ASSOCIATES
INJURY ATTORNEYS

Hub Group, Inc.
Corporation Service Company, Registered Agent
251 East Ohio, Suite 500
Indianapolis, IN 46204

Mr. Dale Brewer
Clerk, Porter Superior Court
16 Lincolnway
Valparaiso, IN 46383



08CV2034

JUDGE SHADUR   YM

MAGISTRATE JUDGE NOLAN

SUT / ALL

## Notice of Service of Process

**Transmittal Number: 5654611**
**Date Processed: 03/13/2008**

| | |
|---|---|
| **Primary Contact:** | David Zeilstra Esq.<br>Hub Group Inc.<br>3050 Highland Parkway<br>Suite 100<br>Downers Grove, IL 60515 |

| | |
|---|---|
| **Entity:** | Hub Group, Inc.<br>Entity ID Number 1817462 |
| **Entity Served:** | Hub Group, Inc. |
| **Title of Action:** | First National Bank of Valparaiso  vs. Q.S. of Illinois, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court:** | Cook  Circuit  Court, Illinois |
| **Case Number:** | 08 L 66011 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 03/12/2008 |
| **Answer or Appearance Due:** | 03/31/2008 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Kenneth J. Allen<br>219-465-6292 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

2120 - Served          2220 - Served          2320 - Served          2420 - Sec. Of State
Case 1:08-cv-02024   Document 1-3   Filed 04/10/2008   Page 2 of 4
2121 - Alias Served   2121 - Alias Not Served   2621 - Alias Sec. Of State
(This form replaces CCM 0646, CCMI 0646, CCMI 0651, CCMD 0648, and CCMD 0649-2 thru 6)          (Rev. 9/26/01) CCM 0649 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Name All Parties

First National Bank of Valparaiso and James R. Wright, as Co-Special
Administrators of the Estate of Earl H. Eaton, deceased,

Plaintiffs

v.

Q.S. of Illinois, LLC, an Illinois limited liability company,
Quality Services, LLC, a foreign limited liability company, HUB Group, Inc.,
a foreign company, and Sampson Adu Boadi,

Defendants

No. __08 L 6611__

Amount Claimed $ In Excess of $100,000.00

Return Date March 31, 2008

Status Date __April 4 2008__

Trial Date _____

Time __9:00__  Room __207__

**SUMMONS**

SEE ATTACHED SERVICE LIST

To each defendant:

      YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 West Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
   5600 Old Orchard Rd.
   Skokie, IL 60077

☐ District 3 - Rolling Meadows
   2121 Euclid
   Rolling Meadows, IL 60008

☐ District 4 - Maywood
   1500 Maybrook Ave.
   Maywood, IL 60153

☐ District 5 - Bridgeview
   10220 S. 76th Ave.
   Bridgeview, IL 60455

☑ District 6 - Markham
   16501 S. Kedzie Pkwy.
   Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: __38118__
Name: __Kenneth J. Allen & Associates, P.C.__
Atty. for: __Plaintiffs__
Address: __1109 Glendale Boulevard__
City/State/Zip: __Valparaiso, Indiana 46383__
Telephone: __219/465-6292__

WITNESS, **DOROTHY BROWN** FEB 28 2008 _____,

Clerk of the Court
Date of service: _____, _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____

     (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## NOTICE TO PLAINTIFF

You **MUST** select a return day of:
Not less than 28 or more than 40 days after issuance of summons if amount claimed is $5,000 or less:
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $5000.

## NOTICE TO DEFENDANT

**\*1.** This case may/may not be heard on the day for appearance specified in the summons.

2. If the complaint is notarized, your answer must be notarized.

3. On the specified Return Day, one of the following may occur:

    a. If you are sued for $5000 or less, you need not file an answer unless ordered to do so by the court.

        (6)    If Plaintiff is not present, the case may be dismissed for want of prosecution.

        (7)    If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

        (8)    If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

    b. If you are sued for more than $5000, and if you have filed your appearance on time, you must file your answer not later than 10 days after the day for appearance specified above. If you filed your written appearance on or before Return Day, your case will be postponed 21 days to the Default-for-Want-of-Answer Call at 9:00 A.M. If you have filed your answer on time, you need not appear for the Default-for-Want-of-Answer Call. Your case will be postponed for trial on a date certain in a courtroom designated by the Presiding Judge. If you have not filed your appearance or answer on time, Plaintiff may obtain An exparte default judgment against you for the amount claimed. If plaintiff is not present for the Default-for-Want-of-Answer call, the case will be dismissed for want of prosecution.

**\*4.** If the claim is for personal injury, or is a civil case in which plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney by Return Day and your answer as required by Par.3(b) above. These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on return day, or on Default-for-Want-of-Answer Call. The case will be set for STATUS at 9:00 A.M., 91 days after the Return Day. Plaintiff and Defendant will be required to appear in court on that status day.

5. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

**\*6.** Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the court.

**\*Pertaining to <u>third district only</u>.**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

<u>SERVICE LIST</u>

Sampson Adu Boadi
2200 Walford Lane, Apt. 311
Columbus, OH 43224-1437


Hub Group, Inc.
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703


Q.S. of Illinois, LLC
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703


Quality Services, LLC
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703



**CORPORATION SERVICE COMPANY®**

08CV2034
JUDGE SHADUR   YM
MAGISTRATE JUDGE NOLAN

## Notice of Service of Process

SUT / ALL
**Transmittal Number: 5654589**
**Date Processed: 03/13/2008**

| | |
|---|---|
| **Primary Contact:** | David Zeilstra Esq.<br>Hub Group Inc.<br>3050 Highland Parkway<br>Suite 100<br>Downers Grove, IL 60515 |

| | |
|---|---|
| **Entity:** | Q.S. Of Illinois, LLC<br>Entity ID Number 1767809 |
| **Entity Served:** | Q.S. of Illinois, LLC |
| **Title of Action:** | First National Bank of Valparaiso vs. Q.S. of Illinois, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court:** | Cook Circuit Court, Illinois |
| **Case Number:** | 08 L 66011 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 03/12/2008 |
| **Answer or Appearance Due:** | 03/31/2008 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Kenneth J. Allen & Associates, P.C.<br>219-465-6292 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | | |
|---|---|---|
| 2120 - Served | 2220 - Not Served | 2620 - Sec. Of State |
| 2121 - Alias Served | 2121 - Alias Not Served | 2621 - Alias Sec. Of State |

(This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)          (Rev. 9/26/01) CCM 0649 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

**Name All Parties**

First National Bank of Valparaiso and James R. Wright, as Co-Special
Administrators of the Estate of Earl H. Eaton, deceased,

                                                      **Plaintiffs**

                            v.

Q.S. of Illinois, LLC, an Illinois limited liability company,
Quality Services, LLC, a foreign limited liability company, HUB Group, Inc.,
a foreign company, and Sampson Adu Boadi,

                                                      **Defendants**

No. _08 L 66011_

Amount Claimed $ In Excess of $100,000.00

Return Date March 31, 2008

Status Date _April 4 2008_

Trial Date _____

Time _9:00_____ Room _207_

**SEE ATTACHED SERVICE LIST**

## SUMMONS

**To each defendant:**

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 West Washington, Room _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
    5600 Old Orchard Rd.
    Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
    2121 Euclid
    Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
    1500 Maybrook Ave.
    Maywood, IL 60153

☐ **District 5 - Bridgeview**
    10220 S. 76th Ave.
    Bridgeview, IL 60455

☑ **District 6 - Markham**
    16501 S. Kedzie Pkwy.
    Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: __38118__
Name: __Kenneth J. Allen & Associates, P.C.__
Atty. for: __Plaintiffs__
Address: __1109 Glendale Boulevard__
City/State/Zip: __Valparaiso, Indiana 46383__
Telephone: __219/465-6292__

Service by Facsimile Transmission will be accepted at: _____

WITNESS, **DOROTHY BROWN** FEB 2 8 2008

_____,

Clerk of the Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

            (Area Code)    (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

Sampson Adu Boadi
2200 Walford Lane, Apt. 311
Columbus, OH 43224-1437


Hub Group, Inc.
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703


Q.S. of Illinois, LLC
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703


Quality Services, LLC
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703



**CORPORATION SERVICE COMPANY**

08CV2034
JUDGE SHADUR   YM
MAGISTRATE JUDGE NOLAN

## Notice of Service of Process

VR1 / ALL
Transmittal Number: 5653146
Date Processed: 03/12/2008

| | |
|---|---|
| **Primary Contact:** | David Zellstra Esq.<br>Hub Group Inc.<br>3050 Highland Parkway<br>Suite 100<br>Downers Grove, IL 60515 |

| | |
|---|---|
| **Entity:** | Quality Services, L.L.C.<br>Entity ID Number 1817468 |
| **Entity Served:** | Quality Services, LLC |
| **Title of Action:** | First National Bank of Valparaiso and James R. Wright, as Co-Special Administrators of the Estate of Earl H. Eaton, deceased vs. Q.S. of Illinois, LLC, an Illinois limited liability company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court:** | Cook Circuit Court, Illinois |
| **Case Number:** | 08 L 66011 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 03/12/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Kenneth J. Allen & Associates, P.C.<br>219-465-6292 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

**Name All Parties**

First National Bank of Valparaiso and James R. Wright, as Co-Special
Administrators of the Estate of Earl H. Eaton, deceased,

                             **Plaintiffs**

v.

Q.S. of Illinois, LLC, an Illinois limited liability company,
Quality Services, LLC, a foreign limited liability company, HUB Group, Inc.,
a foreign company, and Sampson Adu Boadi,

                             **Defendants**

No. 08 L 66011

Amount Claimed $ In Excess of $100,000.00

Return Date March 31, 2008

Status Date April 4, 2008

Trial Date

Time 9:00 AM    Room 207

### SUMMONS

**SEE ATTACHED SERVICE LIST**

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

▫ Richard J. Daley Center, 50 West Washington, Room _____, Chicago, Illinois 60602

▫ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

▫ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

▫ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

▫ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

✔ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 38118
Name: Kenneth J. Allen & Associates, P.C.
Atty. for: Plaintiffs
Address: 1109 Glendale Boulevard
City/State/Zip: Valparaiso, Indiana 46383
Telephone: 219/465-6292

Service by Facsimile Transmission will be accepted at: _____

WITNESS **DOROTHY BROWN** FEB 28 2008

Clerk of the Court
Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## NOTICE TO PLAINTIFF

You **MUST** select a return day of:
Not less than 28 or more than 40 days after issuance of summons if amount claimed is $5,000 or less:
not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $5000.

## NOTICE TO DEFENDANT

*1. This case may/may not be heard on the day for appearance specified in the summons.

2. If the complaint is notarized, your answer must be notarized.

3. On the specified Return Day, one of the following may occur:

    a. If you are sued for $5000 or less, you need not file an answer unless ordered to do so by the court.

        (6)    If Plaintiff is not present, the case may be dismissed for want of prosecution.

        (7)    If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

        (8)    If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

    b. If you are sued for more than $5000, and if you have filed your appearance on time, you must file your answer not later than 10 days after the day for appearance specified above. If you filed your written appearance on or before Return Day, your case will be postponed 21 days to the Default-for-Want-of-Answer Call at 9:00 A.M. If you have filed your answer on time, you need not appear for the Default-for-Want-of-Answer Call. Your case will be postponed for trial on a date certain in a courtroom designated by the Presiding Judge. If you have not filed your appearance or answer on time, Plaintiff may obtain An exparte default judgment against you for the amount claimed. If plaintiff is not present for the Default-for-Want-of-Answer call, the case will be dismissed for want of prosecution.

*4. If the claim is for personal injury, or is a civil case in which plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney by Return Day and your answer as required by Par.3(b) above. These cases will be assigned and heard in the Civil Jury Room _____ unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on return day, or on Default-for-Want-of-Answer Call. The case will be set for STATUS at 9:00 A.M., 91 days after the Return Day. Plaintiff and Defendant will be required to appear in court on that status day.

5. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

*6. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room _____ and are disposed of on a Return Day unless otherwise ordered by the court.

*Pertaining to third district only.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

Sampson Adu Boadi
2200 Walford Lane, Apt. 311
Columbus, OH 43224-1437


Hub Group, Inc.
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703


Q.S. of Illinois, LLC
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703


Quality Services, LLC
c/o Illinois Corporation Service Company, Its Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703