IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST NATIONAL BANK OF VALPARAISO, and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 08 CV 2034 JUDGE SHADUR |
| Q.S. of ILLINOIS, LLC, QUALITY SERVICES, LLC, HUB GROUP, INC., and SAMPSON ADU BOADI, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR REMAND AND FOR COSTS**

Plaintiffs, FIRST NATIONAL BANK OF VALPARAISO, and JAMES R. WRIGHT, as Co-Special Administrators of the Estate of EARL H. EATON, deceased, by counsel **KENNETH J. ALLEN & ASSOCIATES, P.C.**, state for their Memorandum of Law in Support of Motion for Remand as follows:

**I.**

**FACTS**

This action involves a tractor-trailer motor vehicle collision which occurred on October 8, 2006. Earl was fatally injured in the foregoing collision and his Estate filed its Complaint at Law with the Circuit Court of Cook County on February 29, 2008. Defendants, Q.S OF ILLINOIS, LLC, QUALITY SERVICES, LLC, and HUB GROUP,

INC., filed their Notice of Removal in this Court on April 11, 2008. The Notice of Removal admits that defendants, Q.S OF ILLINOIS, LLC, QUALITY SERVICES, LLC, and HUB GROUP, INC. (herein collectively "Hub Group") each have their principal place of business in the State of Illinois.

## II.

### ARGUMENT AND LEGAL AUTHORITY

#### A. REMOVAL WAS IMPROVIDENTLY PROCURED BY DEFENDANTS

The burden of proof to establish a statutory right to removal is on the defendant seeking removal. *Roberson v. Orkin Exterminating Company, Inc.*, 770 F.Supp. 1324 (N.D.Ind. 1991). For an action to be properly removed from state court, the district court must have been able to exercise original jurisdiction over the original claims. 28 U.S.C. Sec. 1441(a). Hub Group removed this action from the Circuit Court of Cook County based on alleged diversity of citizenship between the parties. Notice of Removal, ¶ 8. Diversity jurisdiction, of course, requires that "no plaintiff share common citizenship with any defendant for diversity jurisdiction to exist under federal law." *County of Cook v. Mellon Stuart Company*, 812 F.Supp. 793 (N.D.Ill. 1992); 28 U.S.C. Sec. 1441. An additional requirement for proper removal in diversity actions is that no defendant can be "a citizen of the State in which such action is brought." 28 U.S.C. Sec. 1441(b); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir.1992). As the Court stated in *Poulos:*

> Broadly speaking, the purpose of federal diversity jurisdiction is to provide a neutral forum for lawsuits between parties from different states. Unsympathetic to the expansion of our jurisdiction, however, and deferential to the prerogatives of state courts, we have traditionally interpreted our diversity jurisdiction narrowly.

*Poulos v. Naas Foods, Inc., supra*, 959 F.2d at 71.

Assuming, *arguendo*, that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Sec. 1332 and 28 U.S.C. Sec. 1441(a) & (b), <u>only</u> *non-resident* defendants may remove from the state courts to the federal courts. *Reason v. General Motors Corp.*, 896 F.Supp. 829, 831 (S.D.Ind. 1995). Since Hub Group is admittedly an Illinois resident, this requirement is lacking and removal was improvident.

Hub Group's Notice of Removal has a second procedural defect. Section 1441 and 1446 permit removal only by "the defendant or defendants"--language that is universally construed in the case of multiple defendants to require that *all* defendants must join in the removal unless a satisfactory explanation is given for their non-joinder. *Easton Financial Corp. v. Allen*, 846 F.Supp. 652, 653 (N.D. Ill. 1994) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases, A Division Of Airco*, 676 F.2d 270, 272 (7th Cir. 1982). Since Defendant SAMPSON ADU BOADI has not joined in the removal of this cause, and no explanation for his absence has been provided, this requirement is lacking and removal was improvident.

### B. ATTORNEY'S FEES AND COSTS SHOULD BE IMPOSED ON DEFENDANT JONES FOR IMPROPER REMOVAL

28 U.S.C. § 1447(c) provides in pertinent part that "an order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of removal . . .." *Id.* Good faith or lack of it is not the standard for determining whether there should be an award of costs if the removal case is remanded. *Scialo vs. Scala Packing Co., Inc.*, 821 F. Supp. 1276 (N.D.Ill. 1993). Rather the question is whether the removal was "improvidently" procured. *Rothner v. City of Chicago*, 879 F.2d 1402, 1411 (7th Cir.1989), ("[T]he term 'improvidently' is to be read as noncompliance with the procedural requirements of Sec. 1446." )

In *Macri v. M & M Contractors, Inc.*, 897 F.Supp. 381, 385 (N.D.Ind. 1995), costs were ordered based on procedural defects in Defendant's removal. The court stated:

> Because of the improvident manner in which M & M executed its removal petition, M & M should bear the costs of removal, even if there was no actual bad faith involved in their non-compliance with required procedures. 'Good faith or the lack of it is not the standard that informs the provision that permits such an award under Section 1447(c).' [citation omitted]

*Macri v. M & M Contractors, Inc., supra*, 897 F.Supp. at 386 (N.D. Ind. 1985).

Courts in other jurisdictions have, likewise, awarded costs for failure to comply strictly with procedural requirements far less egregious than Hub Group's error in this case. *See: S.M. v. Jones*, 794 F.Supp. 638 (W.D.Tex.1992) (costs to defendant when

removal petition filed one day after 30 day time period); *Knudsen v. Samuels*, 715 F.Supp. 1505 (D.Kan.1989) (defendant taxed for costs when it "improvidently" filed removal petition after expiration of time period).

For these reasons, defendants, Q.S OF ILLINOIS, LLC, QUALITY SERVICES, LLC, and HUB GROUP, INC., should be ordered to pay the costs and expenses of this federal action, including attorney's fees, incurred as a result of their improvident removal.

## IV.

### CONCLUSION

For the foregoing reasons, Plaintiffs, FIRST NATIONAL BANK OF VALPARAISO and JAMES R. WRIGHT, as Co-Special Admininstrators of the Estate of EARL H. EATON, deceased, respectfully request that this matter be remanded to the Circuit Court of Cook County, for a hearing to determine appropriate costs and expenses incurred by the Plaintiffs as a result of the Defendants' improvident removal, and for all further just relief.

Respectfully submitted,

**KENNETH J. ALLEN & ASSOCIATES, P.C.**
Attorneys for Plaintiffs

s/Bryan L. Bradley

Bryan L. Bradley

## CERTIFICATE OF SERVICE

I certify that on the 14th day of April, 2008, service of a true and complete copy of the above and foregoing pleading or paper was made upon each party or their attorney of record herein by electronic service.

                              s/Bryan L. Bradley

                              Bryan L. Bradley



*Refer to Office Indicated*

| ☒ ALLEN LAW BUILDING | ☐ CHASE BANK CENTER | ☐ CHARTER ONE BANK | ☐ SMURFIT-STONE BUILDING |
|---|---|---|---|
| 1109 Glendale Boulevard | 8585 Broadway, 8th Floor | 17450 South Halsted St. | 150 North Michigan Ave. |
| Valparaiso, IN 46383 | Merrillville, IN 46410 | Homewood, IL 60430 | Chicago, IL 60606 |
| 219.465.6292 | 219.736.6292 | 708.799.6292 | 312.236.6292 |